FILED

2018 JUN -7 AM 9:36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA LYNEE SILLS, MD, an individual,

Plaintiff,

CASE NO.: 8:18cv 1372 T 26 TGW

v.

FORD MOTOR COMPANY, a foreign corporation; BUDGET RENT A CAR SYSTEM, INC., a foreign corporation; and PV HOLDING CORP., a foreign corporation

Defendants.
_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARCIA LYNEE SILLS, MD ("Dr. Sills"), by and through undersigned counsel, hereby sues Defendants, FORD MOTOR COMPANY ("FMC"), a foreign profit corporation, BUDGET RENT A CAR SYSTEM, INC. ("BUDGET"), a foreign profit corporation, and PV HOLDING CORP ("PV HOLDING"), and states the following:

## JURISDICTION, VENUE, AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, thus vesting this Court with jurisdiction under 28 U.S.C. §1332.

2. At all relevant times, Plaintiff, Dr. Sills, was and is a citizen of the State of Florida who resides in this District.

3. At all relevant times, Defendant, FMC, was and is a foreign corporation authorized



and doing business throughout the State of Florida, for which it receives substantial revenue. FMC's principal place of business is in Dearborn, Wayne County, Michigan. FMC has designated C. T. Corporation System, 1200 South Pine Island Road, Plantation, FL 33324 as its registered agent for service of process.

4. Defendant, FMC, submitted itself to the jurisdiction of this Honorable Court by doing personally, or through its agents, at all times material to this action, the following acts:

(a) Conducting and engaging in substantial business and other activities in Florida by selling and/or servicing defective automobiles, including the Subject 2018 Ford Explorer in this matter, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers and brokers. Such automobiles, including the Subject 2018 Ford Explorer, were used by consumers in Florida in the ordinary course of commerce and trade;

(b) Committing a tortious act within this state by selling and delivering defective automobiles, including the Subject 2018 Ford Explorer, to persons, firms, or corporations in Florida via its distributors, dealers, wholesalers, and brokers. Such automobiles, including the Subject 2018 Ford Explorer, were used by consumers in Florida in the ordinary course of commerce and trade;

(c) Causing injury to persons in Florida, including Plaintiff. At or about the time said injuries occurred, Defendant, FMC, engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance, and repair of its automobiles; products serviced and manufactured by FMC were consumed within Florida in the ordinary course of commerce; and FMC was engaged in substantial and not isolated activity within this state; and

(d) Selling and delivering defective automobiles, including the Subject 2018 Ford Explorer, to persons, firms, or corporations via its distributors, dealers, wholesalers, and brokers, with knowledge or reason to foresee that its automobiles, in interstate commerce, would reach the market of Florida users or consumers.

5. At all relevant times, Defendant, BUDGET, was and is a foreign corporation authorized and doing business throughout the State of Florida, for which it receives substantial revenue. BUDGET's principal place of business is in Parsippany, Morris County, New Jersey.

BUDGET has designated Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 as its registered agent for service of process.

6. Defendant, BUDGET, submitted itself to the jurisdiction of this Honorable Court by personally, or through its agents, at all times material to this action, the following acts:

(a) Conducting and engaging in substantial business and other activities in Florida by renting, supplying, leasing or distributing defective automobiles, including the Subject 2018 Ford Explorer in this matter, to persons, firms, or corporations in this state via its licensees, agents, brokers, dealers, and distributors. Such automobiles, including the Subject 2018 Ford Explorer, were used by consumers in Florida in the ordinary course of commerce and trade;

(b) Committing a tortious act within this state by renting or leasing defective automobiles, including the Subject 2018 Explorer, to persons, firms, or corporations in this state via its licensees, agents, brokers, dealers, and distributors. Such products were used by consumers in Florida in the ordinary course of commerce and trade;

(c) Causing injury to persons in Florida, including Plaintiff. At or about the time said injuries occurred, Defendant, BUDGET, engaged in solicitation activities in Florida to promote the sale, consumption, use of its products and such products were consumed within Florida in the ordinary course of commerce, and Defendant, BUDGET, was engaged in substantial and not isolated activity within this state; and

(d) Renting, supplying, leasing or distributing defective automobiles, including the Subject 2018 Ford Explorer, to persons, firms, or corporations via its licensees, agents, brokers, dealers, and distributors, with knowledge or reason to foresee that its automobiles, in interstate commerce, would reach the market of Florida users or consumers.

7. PV HOLDING, a subsidiary or agent of BUDGET, at all material times, was the registered owner of the Subject 2018 Ford Explorer in this matter and the Subject 2018 Ford Explorer is registered in Florida.

8. At all relevant times, Defendant, PV HOLDING, was and is a foreign corporation authorized and doing business throughout the State of Florida, for which it receives substantial

revenue. PV HOLDING's principal place of business is in Parsippany, Morris County, New Jersey. PV HOLDING has designated Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 as its registered agent for service of process.

9. Defendant, PV HOLDING, submitted itself to the jurisdiction of this Honorable Court by personally, or through its agents, at all times material to this action, the following acts:

(a) Conducting and engaging in substantial business and other activities in Florida by renting, supplying, leasing or distributing defective automobiles, including the Subject 2018 Ford Explorer in this matter, to persons, firms, or corporations in this state via its licensees, agents, brokers, dealers, and distributors. Such automobiles, including the Subject 2018 Ford Explorer, were used by consumers in Florida in the ordinary course of commerce and trade;

(b) Causing injury to persons in Florida, including Plaintiff; and

(c) Renting, supplying, leasing or distributing defective automobiles, including the Subject 2018 Ford Explorer, to persons, firms, or corporations via its licensees, agents, brokers, dealers, and distributors, with knowledge or reason to foresee that its automobiles, in interstate commerce, would reach the market of Florida users or consumers.

10. Venue is proper in Tampa, Florida, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omission giving rise to this claim occurred, or a substantial part of property that is the subject of the action is situated, in Polk County, Florida.

**The Product and Incident**

11. On or about January 19, 2018, Dr. Sills rented a 2018 Ford Explorer (VIN #1FM5K7F87JGA27626) (the "Subject Vehicle") from BUDGET, or its agents, subsidiaries, licensees, or affiliates. The Subject Vehicle was manufactured and distributed by FMC. PV HOLDING, at all material times, was the registered owner of the Subject Vehicle.

12. On January 21, 2018, Dr. Sills was operating the Subject Vehicle in Lake Wales, Polk County, Florida on West Mammoth Grove Road. As Dr. Sills was driving, she approached a

revenue. PV HOLDING's principal place of business is in Parsippany, Morris County, New Jersey. PV HOLDING has designated Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301 as its registered agent for service of process.

9. Defendant, PV HOLDING, submitted itself to the jurisdiction of this Honorable Court by personally, or through its agents, at all times material to this action, the following acts:

(a) Conducting and engaging in substantial business and other activities in Florida by renting, supplying, leasing or distributing defective automobiles, including the Subject 2018 Ford Explorer in this matter, to persons, firms, or corporations in this state via its licensees, agents, brokers, dealers, and distributors. Such automobiles, including the Subject 2018 Ford Explorer, were used by consumers in Florida in the ordinary course of commerce and trade;

(b) Causing injury to persons in Florida, including Plaintiff; and

(c) Renting, supplying, leasing or distributing defective automobiles, including the Subject 2018 Ford Explorer, to persons, firms, or corporations via its licensees, agents, brokers, dealers, and distributors, with knowledge or reason to foresee that its automobiles, in interstate commerce, would reach the market of Florida users or consumers.

10. Venue is proper in Tampa, Florida, pursuant to 28 U.S.C. §1391, because a substantial part of the events or omission giving rise to this claim occurred, or a substantial part of property that is the subject of the action is situated, in Polk County, Florida.

**The Product and Incident**

11. On or about January 19, 2018, Dr. Sills rented a 2018 Ford Explorer (VIN #1FM5K7F87JGA27626) (the "Subject Vehicle") from BUDGET, or its agents, subsidiaries, licensees, or affiliates. The Subject Vehicle was manufactured and distributed by FMC. PV HOLDING, at all material times, was the registered owner of the Subject Vehicle.

12. On January 21, 2018, Dr. Sills was operating the Subject Vehicle in Lake Wales, Polk County, Florida on West Mammoth Grove Road. As Dr. Sills was driving, she approached a

90 degree curb turning left. As Dr. Sills approached the curb to turn left onto Buckmoore Road, the Subject Vehicle kept going straight, ran off of the roadway, and collided with a tree with the front of the Subject Vehicle.

13. Upon striking the tree, the airbags in the Subject Vehicle did not deploy and Dr. Sills struck the steering wheel with her forehead and torso. As a result, Dr. Sills has suffered serious, permanent injuries.

**COUNT I**
**Strict Liability Against FMC**

14. Plaintiff repeats and re-alleges paragraphs 1 through 13 as if restated verbatim herein.

15. Defendant, FMC, is in the business of manufacturing, selling, and distributing Ford Explorer vehicles.

16. FMC placed the Subject Vehicle on the market with knowledge that it would be used without inspection for defects or unknown dangers. FMC knew or should have known and appreciated that ultimate users, operators or consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

17. The Subject Vehicle was defective and unreasonably dangerous to ultimate users, operators or consumers when designed, manufactured, constructed, inspected, sold, and distrusted by FMC as follows:

(a) The Subject Vehicle's frontal airbag failed to deploy during a foreseeable front-impact collision;

(b) FMC failed to incorporate available alternate frontal airbag systems that would perform as a reasonable consumer would expect during a foreseeable front-impact accident;

(c) FMC failed to adequately warn consumers as to the known risk to occupants of serious bodily harm due to the design and manufacture of the Subject Vehicle's frontal airbag system;

(d) The Subject Vehicle was defective because it did not have an adequate occupant restraint system including, but not limited to, its seatbelt restraint system, which would adequately restrain occupants during a collision;

(e) The Subject Vehicle was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the Subject Vehicle; and

(f) The electronic/mechanical/sensor system designed and selected for this Subject Vehicle was inadequately and unsafely designed so that the airbags did not deploy in frontal collision event that warranted air bag deployment to protect the occupants.

18. On or about January 21, 2018, the time of the incident, the Subject Vehicle was substantially unchanged from its condition when sold and distributed by the FMC.

19. For the reasons set forth above, the Subject Vehicle was unreasonably dangerous to foreseeable users, including Dr. Sills, who used the vehicle as intended and in an ordinary and foreseeable manner.

20. The defects described above directly and proximately caused the incident, the damages, and the serious, permanent injuries to Dr. Sills in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

21. As a direct and proximate result of the foregoing conduct of Defendant, FMC, Plaintiff, Dr. Sills suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are permanent and continuing and Mr. Sims will suffer the losses into the future.

**WHEREFORE**, Plaintiff, MARCIA LYNNE SILLS, MD, demands judgment against

Defendant, FORD MOTOR COMPANY, for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

**COUNT II**
**Negligence Against FMC**

22. Plaintiff repeats and re-alleges paragraphs 1 through 13 as if restated verbatim herein.

23. DUTY: FMC is a corporation regularly engaged in the business of selling automobiles to the public, including the Subject Vehicle. Defendant, FMC, knew or in the exercise of due care should have known that the Subject Vehicle would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to Ford Explorer occupants. Defendant, FMC, was under a duty to properly and adequately inspect, label, provide adequate warnings for, package, distribute and sell the Subject Vehicle in reasonably safe condition so as not to present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances, would come into contact with the vehicle. Defendant, FMC, as the designer and manufacturer of the Subject Vehicle, was under a duty to exercise ordinary care in the design of its product used by Dr. Sills to reduce injuries from use of such product.

24. BREACH: FMC breached the duty owed to Dr. Sills by negligently manufacturing, maintaining, servicing, assembling, testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the Subject Vehicle in such a manner as to create a danger which was unknown to Dr. Sills, or any other user, under ordinary use and normal function of the Subject Vehicle. Defendant, FMC, breached its duty of reasonable care owed to Dr. Sills in that Defendant:

(a) Failed to design, manufacture, assemble, distribute and sell the

        Subject Vehicle with a frontal airbag system that would properly perform in a foreseeable front-impact accident;

(b) Failed to design, manufacture, assemble, distribute and sell the Subject Vehicle so that it would be reasonably crashworthy;

(c) Failed to incorporate into the design, manufacture and assembly of the Subject Vehicle's frontal airbag system features that would have permitted it to fully deploy in a foreseeable front-impact accident;

(d) Failed to warn of the dangers associated with the design, manufacture, assembly, distribution and sale of the Subject Vehicle, and specifically its frontal airbag system; and

(e) Selected an electronic/mechanical/sensor system that would not deploy when needed to provide appropriate protection.

25. CAUSATION: The negligence described above directly and proximately caused the incident, the damages, and the serious, permanent injuries to Dr. Sills in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

26. DAMAGES: As a direct and proximate result of the foregoing conduct of Defendant, FMC, Plaintiff, Dr. Sills suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are permanent and continuing and Mr. Sims will suffer the losses into the future.

**WHEREFORE**, Plaintiff, MARCIA LYNNE SILLS, MD, demands judgment against Defendant, FORD MOTOR COMPANY, for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

**COUNT III**
**Strict Liability Against BUDGET**

29. Plaintiff repeats and re-alleges paragraphs 1 through 13 as if restated verbatim herein.

30. Defendant, BUDGET, is in the business of renting, supplying, leasing or distributing Nissan Ford Explorer vehicles, including the Subject Vehicle.

31. BUDGET placed the Subject Vehicle on the market with knowledge that it would be used without inspection for defects or unknown dangers. BUDGET knew or should have known that ultimate users, operators or consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

32. The Subject Vehicle was defective and unreasonably dangerous when BUDGET leased, rented, or supplied the Subject Vehicle to ultimate users, operators or consumers as follows:

(a) The Subject Vehicle's frontal airbag failed to deploy during a foreseeable front-impact collision;

(b) BUDGET failed to incorporate available alternate frontal airbag systems that would perform as a reasonable consumer would expect during a foreseeable front-impact accident;

(c) BUDGET failed to adequately warn consumers as to the known risk to occupants of serious bodily harm due to the design and manufacture of the Subject Vehicle's frontal airbag system; and

(d) The Subject Vehicle was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the Subject Vehicle.

27. On or about January 21, 2018, the time of the incident, the Subject Vehicle was substantially unchanged from its condition when Dr. Sills rented or leased the Subject Vehicle from BUDGET.

28. For the reasons set forth above, the Subject Vehicle was unreasonably dangerous to foreseeable users, including Dr. Sills, who used the vehicle as intended and in an ordinary and foreseeable manner.

29. The defects described above directly and proximately caused the incident, the damages, and the serious, permanent injuries to Dr. Sills in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

30. As a direct and proximate result of the foregoing conduct of Defendant, BUDGET, Plaintiff, Dr. Sills suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are permanent and continuing and Mr. Sims will suffer the losses into the future.

**WHEREFORE**, Plaintiff, MARCIA LYNNE SILLS, MD, demands judgment against Defendant, BUDGET RENT A CAR SYSTEM, INC., for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

**COUNT IV**
**Negligence Against BUDGET**

33. Plaintiff repeats and re-alleges paragraphs 1 through 13 as if restated verbatim herein.

34. DUTY: BUDGET is a corporation regularly engaged in the renting, supplying, leasing, or distributing vehicles, including the Subject Vehicle. BUDGET knew or in the exercise of due care should have known that the Subject Vehicle would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to Ford Explorer occupants. Defendant, BUDGET, was under a duty to properly and

adequately inspect, label, provide adequate warnings for, package, rent, or lease the Subject Vehicle in reasonably safe condition so as not to present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances would come into contact with the vehicle.

35.     BREACH: Defendant, BUDGET, breached its duty by negligently inspecting the Subject Vehicle, failing to warn of the danger described herein, and renting or leasing the Subject Vehicle when it was not in a reasonably safe condition for foreseeable use, as follows:

    (a)    Failed to rent or lease the Subject Vehicle with a frontal airbag system that would properly perform in a foreseeable front-impact accident;

    (b)    Failed to rent or lease a vehicle that was reasonably crashworthy; and

    (c)    Failed to adequately warn of all the dangers associated with the design, manufacture, assembly, and distribution of the Subject Vehicle, specifically its front airbag system.

36.     CAUSATION: The negligence described above directly and proximately caused the incident, the damages, and the serious, permanent injuries to Dr. Sills in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

37.     DAMAGES: As a direct and proximate result of the foregoing conduct of Defendant, BUDGET, Plaintiff, Dr. Sills suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money.  The losses are permanent and continuing and Mr. Sims will suffer the losses into the future.

**WHEREFORE**, Plaintiff, MARCIA LYNNE SILLS, MD, demands judgment against Defendant, BUDGET RENT A CAR SYSTEM, INC., for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury

on all issues so triable.

**COUNT V**
**Strict Liability Against PV HOLDING**

38. Plaintiff repeats and re-alleges paragraphs 1 through 13 as if restated verbatim herein.

39. Defendant, PV HOLDING, is a subsidiary of BUDGET and in the business of renting, supplying, leasing or distributing Nissan Ford Explorer vehicles, including the Subject Vehicle.

40. PV HOLDING placed the Subject Vehicle on the market when it leased the Subject Vehicle to BUDGET with knowledge that it would be used without inspection for defects or unknown dangers. PV HOLDING knew or should have known that ultimate users, operators or consumers would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.

41. The Subject Vehicle was defective and unreasonably dangerous when PV HOLDING leased, rented, or supplied the Subject Vehicle to BUDGET, who in turn supplied the Subject Vehicle to ultimate users, operators, or consumers, including Dr. Sills. The Subject Vehicle was defective and unreasonably dangerous as and based on the following:

(a) The Subject Vehicle's frontal airbag failed to deploy during a foreseeable front-impact collision;

(b) PV HOLDING's failure to incorporate available alternate frontal airbag systems that would perform as a reasonable consumer would expect during a foreseeable front-impact accident;

(c) PV HOLDING's failure to adequately warn consumers as to the known risk to occupants of serious bodily harm due to the design and manufacture of the Subject Vehicle's frontal airbag system; and

      (d) The Subject Vehicle was defective due to inadequate, or the absence of, warning stickers, placards, or any proper documentation, or notice to alert users regarding the hazardous conditions, as stated above, involving the use and operation of the Subject Vehicle.

31. On or about January 21, 2018, the time of the incident, the Subject Vehicle was substantially unchanged from its condition when PV HOLDING transferred control of the Subject Vehicle to BUDGET and Dr. Sills rented the vehicle from BUDGET.

32. For the reasons set forth above, the Subject Vehicle was unreasonably dangerous to foreseeable users, including Dr. Sills, who used the vehicle as intended and in an ordinary and foreseeable manner.

33. The defects described above directly and proximately caused the incident, the damages, and the serious, permanent injuries to Dr. Sills in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

34. As a direct and proximate result of the foregoing conduct of Defendant, PV HOLDING, Plaintiff, Dr. Sills suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money. The losses are permanent and continuing and Mr. Sims will suffer the losses into the future.

**WHEREFORE**, Plaintiff, MARCIA LYNNE SILLS, MD, demands judgment against Defendant, PV HOLDING CORP., for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

**COUNT VI**
**Negligence Against PV HOLDING**

42. Plaintiff repeats and re-alleges paragraphs 1 through 13 as if restated verbatim herein.

43. DUTY: PV HOLDING is a corporation regularly engaged in the renting, supplying, leasing or distributing vehicles, including the Subject Vehicle. PV HOLDING knew or in the exercise of due care should have known that the Subject Vehicle would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to Ford Explorer occupants. Defendant, PV HOLDING, was under a duty to properly and adequately inspect, label, provide adequate warnings for, package, rent or lease the Subject Vehicle in reasonably safe condition so as not to present a danger to members of the general public who reasonably and foreseeably, under ordinary circumstances would come into contact with the vehicle.

44. BREACH: Defendant, PV HOLDING, breached its duty by negligently inspecting the Subject Vehicle, failing to warn of the danger described herein, and renting or leasing the Subject Vehicle when it was not in a reasonably safe condition for foreseeable use, as follows:

(a) Failed to rent or lease the Subject Vehicle with a frontal airbag system that would properly perform in a foreseeable front-impact accident;

(b) Failed to rent or lease a vehicle that was reasonably crashworthy; and

(c) Failed to adequately warn of all the dangers associated with the design, manufacture, assembly, and distribution of the Subject Vehicle, specifically its front airbag system.

45. CAUSATION: The negligence described above directly and proximately caused the incident, the damages, and the serious, permanent injuries to Dr. Sills in that it directly and in natural and continuous sequence produced or contributed substantially to her injuries.

46. DAMAGES: As a direct and proximate result of the foregoing conduct of Defendant, PV HOLDING, Plaintiff, Dr. Sills suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to

earn money. The losses are permanent and continuing and Mr. Sims will suffer the losses into the future.

**WHEREFORE**, Plaintiff, MARCIA LYNNE SILLS, MD, demands judgment against Defendant, PV HOLDING CORP., for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

**Jury Demand**

Plaintiffs, MARCIA LYNNE SILLS, MD, hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, MARCIA LYNNE SILLS, MD, prays that upon final judgment, she may have and recover: trial by jury which is hereby demanded; judgment against Defendants, FORD MOTOR COMPANY, a foreign profit corporation, BUDGET RENT A CAR SYSTEM, INC., a foreign profit corporation, and PV HOLDING CORP., a foreign profit corporation, for damages, costs, interest, and any such other relief as this Court deems just.

Respectfully submitted this 7th day of ~~May~~ June 2018

/s/ Brent R. Bigger
BRENT R. BIGGER, ESQUIRE
Florida Bar No.: 823961
ANDREW F. KNOPF, ESQUIRE
Florida Bar No.: 658871
JOSHUA D. WRIGHT, ESQUIRE
Florida Bar No.: 0099230
SHANE A. NEWLANDS, ESQUIRE
Florida Bar No.: 116908
PAUL KNOPF BIGGER
511 W Bay St, Suite 450
Tampa, FL 33606
Phone: (813) 609-2993
Facsimile: (813) 864-6777
Primary Email: brent@pkblawfirm.com
Primary Email: andrew@pkblawfirm.com
Primary Email: josh@pkblawfirm.com
Primary Email: shane@pkblawfirm.com

Secondary Email: janice@pkblawfirm.com
Secondary Email: vielka@pkblawfirm.com
*Trial Counsel for Plaintiff*